[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
On October 20, 1993, the court granted the motion in limine filed by both the plaintiff, Josephine D. Ziemba, and the third party defendant, William E. Beardsley. In so doing, it accepted and adopted as its own, their arguments and reasoning. As a result of the court's decision, the defendant, Hanover Insurance Company, was precluded from attempting to establish the allegations of its special defense at the time of trial.
Earlier on April 15, 1993, judgment in favor of William E. Beardsley had entered on Hanover's third party complaint. Thereafter, Beardsley, was removed from the case entirely when, on November 3, 1993, the plaintiff withdrew her action against him.
By agreement, the matter was withdrawn from the jury list and heard essentially as a hearing in damages by the court.
From the stipulated agreements of the parties, the testimony of the plaintiff and her witness, the plaintiff's CT Page 4910 comprehensive exhibit and the defendant, Hanover Insurance Company's, judicial admissions, the court finds the following:
At all pertinent times, the defendant, a company authorized to do business in Connecticut, was engaged in writing various types of insurance, including automobile insurance policies.
On September 6, 1990, the plaintiff and her husband, Walter P. Ziemba, had a contract for automobile insurance with the defendant. Said policy, numbered ANE2291715, provided uninsured motorist coverage and was in full force and effect. The plaintiff is an insured under the policy.
On September 6, 1990, at approximately 8:40 a.m., the plaintiff was operating a Volvo station wagon, owned by her husband in a westerly direction on East Main Street, in the City of Waterbury, Connecticut, at a point approximately fifty feet east of its intersection with Sheldon Street.
On said date and at said time and place, while stopped in a line of traffic, plaintiff's vehicle was negligently struck in the rear by a vehicle owned by Steven Tata, causing her to sustain a number of injuries. The plaintiff, a forty-five year old woman, has a life expectancy of 35.8 years.
At the time of the collision, Steven Tata was an uninsured motorist. Consequently, the plaintiff has not been compensated for her losses. Those injuries and losses include a 20% loss of her cervical spine function and a 10% disability of her lumbar spine.
The court finds that the injuries and losses sustained by the plaintiff are the legal responsibility of the defendant, Hanover Insurance Company, pursuant to the terms of the contract of insurance with the plaintiff and in accordance with § 38a-336
of the General Statutes.
Whereupon it is adjudged that the plaintiff recover of the defendant $153,000 damages together with costs.
WEST, J. CT Page 4911